THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET T. BROOKS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE HOUSING AUTHORITY,<br><br>　　　　　Defendant. | CASE NO. C 12-0878-JCC<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES |

This matter comes before the Court on Defendant's motion for partial summary judgment. (Dkt. No. 34.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

I.   **BACKGROUND**

For approximately twenty-three years, Plaintiff Margaret Brooks has resided at Olympic Place Apartments, owned and operated by the Defendant. (Dkt. No. 21 at 2.) Plaintiff states that she is a "64 year old African-America mixed Cherokee Indian" who suffers from a number of ailments, leaving her disabled. (*Id.*) Plaintiff filed a complaint against the Seattle Housing Authority ("SHA") alleging that the SHA discriminated against her, because of her race and disability, in violation of the Fair Housing Act (FHA) and the Americans with Disability Act (ADA). (*Id.* at 1.) This intentional discrimination, Plaintiff alleges, has "lead to her declining health including aggravating her blindness and other health issues." (*Id.* at 4.) Plaintiff seeks,

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON PUNITIVE DAMAGES
PAGE - 1

*inter alia*, punitive damages against SHA "because of the intentional and willful nature of the SHA's conduct." (*Id.*)

SHA moves to dismiss the punitive damages claim, arguing that punitive damages are not available under the ADA and unavailable against municipalities under the FHA. (Dkt. No. 34 at 1.) The Court agrees with the Defendant and finds that punitive damages are not available for the reasons stated below.

## II.   DISCUSSION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In *Barnes v. Gorman*, 536 U.S. 181, 189 (2002), the Supreme Court held that punitive damages are unavailable under the ADA. Accordingly, Plaintiff's claim for punitive damages based on violated of the ADA is dismissed

As for punitive damages under FHA, this Court concurs with the Defendant that while punitive damages are available in some circumstances, they are unavailable here. As a "general rule," punitive damages are unavailable against municipalities unless expressly authorized by statute. *Newport v. Fact Concerts*, 453 U.S. 247, 261–64 (1981). This common law doctrine is rooted in notions of public policy. *Id.* at 262–63. Punitive damages are not intended to compensate the injured but to punish the wrongdoer. *Id.* at 266–67. Where municipalities are concerned, the Supreme Court has stated that they are against public policy because "an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the [discrimination]." *Id.* at 267.

While the FHA authorizes punitive damages in general, it does not expressly authorize

ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT ON PUNITIVE DAMAGES
PAGE - 2

punitive damages against municipalities. 42 U.S.C. § 3613(c). The general authorization of punitive damages in the FHA does not meet the *Fact Concerts'* requirement of an express authorization of punitive damages against municipalities. For this reason, this Court finds that punitive damages are not available against municipalities under the FHA. *See Inland Mediation Bd. v. City of Pomona*, 158 F. Supp. 2d 1120, 1158 (C.D. Cal. 2001) (finding punitive damages unavailable under FHA against municipalities); *Alamar Ranch, LLC v. County of Boise*, 2010 U.S. Dist. LEXIS 40978 (D. Idaho Apr. 27, 2010); *L&F Homes & Dev. v. City of Gulfport*, 2011 U.S. Dist. LEXIS 131976 (S.D. Miss. Nov. 15, 2011).

SHA is a municipal corporation. *See Telford v. Clackamas County Housing Authority*, 710 F.2d 567, 570 (9th Cir. 1983). *See also* Wash. Rev. Code § 35.82.070 ("An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions . . . ."). Thus, punitive damages are unavailable under the FHA.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for partial summary judgment dismissing Plaintiff's claim for punitive damages (Dkt. No. 34) is GRANTED.

DATED this 1st day of October 2013.

John C. Coughenour
UNITED STATES DISTRICT JUDGE