THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARGARET T. BROOKS,

                Plaintiff,

     v.

SEATTLE HOUSING AUTHORITY,

                Defendant.

CASE NO. C12-0878-JCC

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

This matter was tried to the Court on June 15, 2015. The claims presented for adjudication were as follows:

(1) Whether Defendant's delay in providing increased lighting to Plaintiff constituted a violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; and

(2) If so, what is a proper remedy?

At trial, neither party called witnesses or presented evidence. After bench trial and pursuant to Federal Rule of Civil Procedure 52(a), the Court makes the following findings of fact and conclusions of law based on the record before it:

## I.    FINDINGS OF FACT

Plaintiff Margaret Brooks resides at the Olympic West Apartments, a low-income public housing apartment operated by Defendant Seattle Housing Authority ("SHA"). The Olympic

West Apartments are located at 110 West Olympic Place, Seattle, WA. Ms. Brooks suffers from glaucoma.

As set forth in the Court's previous order, Ms. Brooks made her request for increased lighting no later than November 8, 2012. (Dkt. No. 52 at 8.) On July 10, 2013, SHA asked that Ms. Brooks "clearly explain[] how [her] request for extra lighting connects with [her] disability" and "what steps [she] has taken to try to accommodate [her] own needs for extra lighting in [her] unit, such as floor lamps, and why this lighting did not meet [her] needs." (*Id.*) Ms. Brooks responded by letter five days later, explaining that seeing in her unit was becoming increasingly difficult due to her glaucoma and purchasing lighting was financially unmanageable given her fixed income, including a note from her doctor. (*Id.*) On May 22, 2014, SHA sent a letter to Ms. Brooks notifying her that a request for the installation of additional lighting in her apartment unit had been approved. (Dkt. No. 53 at 2.) As of March 26, 2015, the lighting in Ms. Brooks's apartment was described by a case manager as "dim." (Dkt. No. 52 at 9.)

The Court heard no additional evidence regarding the lighting in Ms. Brooks's apartment or efforts made by SHA to coordinate lighting installation.

## II.   CONCLUSIONS OF LAW

Under the Fair Housing Act ("FHA"), it is unlawful to "discriminate . . . in the provision of services or facilities in connection with [a] dwelling, because of a handicap." 42 U.S.C. § 3604(f)(2). Such unlawful discrimination includes both (1) "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a] person equal opportunity to use and enjoy a dwelling," and (2) "a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises . . . if such modifications may be necessary to afford such person full enjoyment of the premises." 42 U.S.C. § 3604(f)(3)(A)-(B). Each type of discrimination confers a cause of action under the FHA, though they are evaluated differently. Ms. Brooks brought suit under the "reasonable accommodation," standard. The SHA argues that her claim is actually a "request for

1   modification." (*See* Dkt. No. 54 at 2.)

2          The provision in the FHA defining a "reasonable accommodation" makes no mention of

3   physical adjustments to existing structures, but rather pertains to "rules, policies, practices, or

4   services." § 3604(f)(3)(B). To the contrary, subsection (A) of the same statute, defining a request

5   for modification, explicitly mentions the "existing premises" of a dwelling. 42 U.S.C.

6   § 3604(f)(3)(A). Furthermore, the Department of Housing and Urban Development ("HUD")

7   regulations define a "modification" as "any change to the public or common use areas of a

8   building or any change to a dwelling unit." 24 C.F.R. § 100.201.

9          Reading the plain language of the FHA in conjunction with the definitions put forth by

10  HUD, the Court concludes that the physical alteration requested by Ms. Brooks is properly

11  analyzed as a "request for modification" rather than a "reasonable accommodation." Other courts

12  have reached the same conclusion. *Weiss v. 2100 Condominium Ass'n, Inc.*, 941 F. Supp. 2d

13  1337, 1344–45 (S.D. Fla. 2013); *Reyes v. Fairfield Properties,* 661 F. Supp. 2d 249, 259

14  (E.D.N.Y.2009) (noting that only a "handful" of courts have considered the precise parameters

15  of a reasonable accommodation claim); *Fagundes v. Charter Builders, Inc.,* 2008 WL 268977, at

16  *6 (N.D. Cal. Jan. 29, 2008) ("This Court agrees that a request for construction or repair is not

17  actionable under subsection (B).").

18      **1.  Request for Modification**

19         Ms. Brooks presented no evidence that she made a request to modify the lighting in her

20  apartment at her own expense. To the contrary, the record suggests that lighting costs were too

21  expensive for Ms. Brooks due to her fixed income. (Dkt. No. 52 at 8.) Without evidence

22  presented at trial, the Court is forced to rule on the record before it and find that Ms. Brooks has

23  failed to demonstrate a violation of the FHA under 42 U.S.C. § 3604(f)(3)(A).

24      **2.  Reasonable Accommodation**

25         Even if the Court were to consider Ms. Brooks's request for additional lighting as a

26  "reasonable accommodation" claim, she has not carried her burden. To prove a reasonable

accommodation claim, a plaintiff must show:

> (1) that the plaintiff or his associate is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that the defendant knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that defendant refused to make the requested accommodation.

*DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006). The Court has already held that Ms. Brooks satisfied the first four elements of her reasonable accommodation claim. (Dkt. No. 52 at 7.) The remaining question for adjudication at trial was whether SHA's delay in installing additional lighting in Ms. Brooks's apartment constituted a constructive denial of a reasonable accommodation. As discussed in the Court's previous order, this determination is "highly fact-specific, and is made on a case-by-case basis." *Logan v. Mateevskii*, No. 10-cv-9247(KMK), 2014 WL 5025953, at *28 (S.D.N.Y. Sept. 29, 2014).

Without the benefit of witnesses or additional evidence regarding the circumstances around SHA's delay in installing additional lighting in Ms. Brooks's apartment, the Court cannot conduct the fact-intensive inquiry required to issue a finding of constructive denial. In other words, even if the Court were to construe her request for increased lighting as a "reasonable accommodation" claim, its ruling would not be altered. Ms. Brooks has failed to carry her burden.

A judgment consistent with these findings and conclusions should be entered in favor of defendant Seattle Housing Authority.

//

//

//

//

//

FINDINGS OF FACT AND CONCLUSIONS OF LAW
PAGE - 4

1    SO ORDERED this 18th day of June 2015.

2

3

4

5

6

7

8    John C. Coughenour
     UNITED STATES DISTRICT JUDGE
     JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FINDINGS OF FACT AND CONCLUSIONS OF
LAW
PAGE - 5