THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARGARET T. BROOKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEATTLE HOUSING AUTHORITY,<br><br>　　　　Defendant. | CASE NO. C12-0878-JCC<br><br>ORDER |

This matter comes before the Court on non-party L.B.'s[1] ex parte, sealed motion to redact (Dkt. No. 65). L.B. requests that the Court order that her name be redacted from all documents associated with this case. (*Id*.)

Plaintiff Margaret Brooks ("Brooks") brought this lawsuit in 2012 against Defendant Seattle Housing Authority ("SHA") under the federal Fair Housing Act, alleging that she was discriminated against based on her race and disability. (Dkt. No. 21 at 1.) L.B. was an employee of SHA and managed the apartment building where Brooks lived. (Dkt. No. 47 at 5–6.) As a result of her employment and interactions with Brooks, L.B. became involved in this lawsuit against SHA. (See generally Dkt. Nos. 46, 47.)

L.B. provided a sworn declaration in support of SHA's motion for summary judgment

---

[1] As a courtesy, the Court refers to the moving party by her initials "L.B." in this order because she has expressed a desire to maintain her privacy.

ORDER
C12-0878-JCC
PAGE - 1

that refuted many of Brooks' claims against SHA. (*Compare* Dkt. No. 47 at 5–9, *with* Dkt. No. 21.) L.B. is referenced by name in SHA's motion for summary judgment and reply brief. (Dkt. No. 46 and 51.) On June 15, 2015, the Court conducted a bench trial and ruled that SHA did not violate the Fair Housing Act. (Dkt. No. 61 at 4.)

More than two years after disposition, L.B. moves the Court to redact her name from all documents filed in the case. (Dkt. No. 65.) L.B. asserts that "[w]hile [she] was a party of interest, there are negative consequences with her name being associated with this discrimination case that are disproportionate to her role and note of legitimate concern to the public." (*Id.*) Neither party has responded to L.B.'s motion.

At the outset, the Court notes that L.B., as a non-party, is not necessarily entitled to the relief requested in her motion. Neither the Federal Rules of Civil Procedure nor Local Civil Rules provide a non-party such as L.B. with a right to obtain a protective order. *See* Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ."); Local Civ. R. 26(c)(2) ("Parties may file a stipulated protective order to protect confidential, proprietary, or private information that warrants special protection.) Nor has L.B. filed a motion to intervene in the case that would allow her to seek redactions of the judicial record. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (holding that Federal Rule of Civil Procedure 24(b) allows intervention for the limited purpose of retroactively challenging or modifying a protective order.)

Even if L.B. properly intervened in this case, however, the Court would not grant her motion to redact. There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). In light of this, the Ninth Circuit has held that there must be "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "A litigant who might be embarrassed, incriminated, or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection . . . ." *Foltz v. State Farm Mut.*

*Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (citation omitted).

L.B. has not demonstrated a compelling reason for redacting her name from the judicial record. L.B. expresses a general concern with privacy in support of her motion but does not articulate specific reasons why her identity should be confidential. (Dkt. No. 65.) Nor is L.B. trying to redact confidential personal information such as a social security number, telephone number, or address. Moreover, the parties never sought a protective order in this case or made efforts to protect the identities of those involved. Courts have required a heightened showing in order to allow litigants to proceed anonymously. *See, e.g.*, *United States v. Doe*, 488 F.3d 1154, 1156 n. 1 (9th Cir.2007) ("the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity.") *Tarutis v. Spectrum Brands, Inc.*, No. C13-0761-JLR, slip op. at 4 (W.D. Wash. Nov. 7, 2014) (denying a defendant's request to retroactively remove his name from all publicly-available court files.)

Here, L.B. provided a nine-page sworn declaration in support of SHA's motion for summary judgment. (Dkt. No. 47.) Her declaration was the only testimonial evidence that SHA relied on for its summary judgment motion. (Dkt. Nos. 47, 58, 60.) Accordingly, there is a strong public policy interest that her identity, as it relates to these court filings, remain available to the public. L.B. has not provided a compelling reason that would lead the Court to rule otherwise.

For the foregoing reasons, non-party L.B.'s ex parte motion to redact (Dkt. No. 65) is DENIED. The Clerk is DIRECTED to unseal Docket Number 65. The Clerk is further DIRECTED to mail a copy of this order to L.B. at the address provided in her motion.

DATED this 11th day of December 2017.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE